Liu v. Garland

BIA
Sponzo, IJ
A206 065 948

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of May, two thousand twenty-one.

PRESENT:
> ROBERT A. KATZMANN,
> DENNY CHIN,
> MICHAEL H. PARK,
> *Circuit Judges.*

_____

JIBIN LIU,
> *Petitioner,*

v.

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

19-105
NAC

_____

FOR PETITIONER: Keith S. Barnett, Esq., New York, NY.

FOR RESPONDENT: Brian M. Boynton, Acting Assistant Attorney General; John S. Hogan, Assistant Director; Robbin K. Blaya, Trial Attorney, Office of Immigration Litigation,

United States Department of
Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jibin Liu, a native and citizen of the People's Republic of China, seeks review of a December 17, 2018 decision of the BIA affirming a November 8, 2017 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jibin Liu*, No. A206 065 948 (B.I.A. Dec. 17, 2018), *aff'g* No. A206 065 948 (Immig. Ct. N.Y.C. Nov. 8, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). The only issue before us is whether Liu established his eligibility for asylum and withholding of removal based on his claim that he was detained and beaten

for gathering with a group at a government office in China to seek an explanation for the government's failure to fully compensate them for a broken land lease.

To establish eligibility for asylum and withholding of removal, "the applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *id.* § 1231(b)(3)(A); *see also Matter of C-T-L-*, 25 I. & N. Dec. 341, 348 (B.I.A. 2010). "In order to establish persecution on account of political opinion . . . , an asylum applicant must show . . . , through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the applicant's political belief." *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005) (internal quotation marks omitted). "[O]pposition to endemic corruption or extortion . . . [and] opposition to other government practices or policies[] may have a political dimension when it transcends mere self-protection and represents a challenge to the legitimacy or authority of the ruling regime." *Id.* at 547–48. "Punishment for violation of a generally applicable criminal law is not persecution," *Saleh v. U.S. Dep't of Just.*, 962 F.2d 234, 239 (2d Cir.

3

1992), but "prosecution that is pretext for political persecution is not on account of law enforcement," *Jin Jin Long v. Holder*, 620 F.3d 162, 166 (2d Cir. 2010).

The agency did not err in concluding that Liu faced prosecution in China rather than persecution on account of an anti-corruption political opinion. Liu testified that he and 30 others went to the village management committee for an explanation and compensation rather than to oppose endemic corruption or government practices. *See Yueqing Zhang*, 426 F.3d at 547. And Liu did not provide any testimony from which to infer that committee members or the police believed he and his fellow villagers were at the government offices for any reason other than to protect their own interests. *See id.* at 547–48. Liu's evidence further supports the agency's conclusion that he was subject to prosecution, despite the excessive force used, because it shows that police told the group of 30 to disperse, detained him and others from the group, charged him with violation of a generally applicable public security management law, punished him with administrative detention and a fine, and provided him an opportunity to appeal (which he did not do). *See id.* at 545 ("[A]n applicant . . . must establish a fear of reprisal that is different in kind from a desire to avoid the exactions

4

(however harsh) that a foreign government may place upon its citizens." (internal quotation marks omitted)); *see also Vumi v. Gonzales*, 502 F.3d 150, 157–58 (2d Cir. 2007) (providing factors to consider in determining whether prosecution is a pretext for political persecution).

Because Liu failed to show that he was targeted on account of an anti-corruption political opinion, real or imputed, and because he was subjected to prosecution under a generally applicable statute, the agency did not err in denying asylum and withholding of removal for failure to show a nexus between the harm he suffered and fears and a protected ground. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A); *Yueqing Zhang*, 426 F.3d at 545, 547–48; *Saleh*, 962 F.2d at 239.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5